UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RICHARD OLMO,

       Plaintiff,

  -against-

ANDREW M. SAUL,[1] COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/14/2020__
```

19 cv 00057 (NSR) (JCM)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

   Richard Olmo ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying his application for disability insurance benefits ("DIB") under the Social Security Act (the "SSA"). (ECF No. 1.) This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R&R") to resolve Plaintiff's motion and Defendant's cross-motion for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 11, 16.)

   Presently before this Court is MJ McCarthy's December 13, 2019 R&R recommending that Plaintiff's motion for judgment on the pleadings be denied and Defendant's cross-motion for judgment on the pleadings be granted. (ECF No. 19.) Plaintiff timely objected to the R&R. (Pl.'s Objs. To the Mag. J.'s R&R ("Objs."), ECF No. 20.) Defendant timely responded to those objections. (Comm'r Resp. to Pl.'s Objs. to Mag. J.'s R&R, ECF No. 21.) Having reviewed MJ McCarthy's R&R as well as Plaintiff's objections and Defendant's responses, this Court

---

[1] Andrew M. Saul is now the Commission of Social Security and is substituted for former Acting Commissioner Nancy Berryhill as the defendant in this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

ADOPTS the R&R in its entirety. Accordingly, Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's motion for judgment on the pleadings is GRANTED.

## PROCEDURAL BACKGROUND

Plaintiff filed his initial claim seeking DIB on or about July 30, 2015, alleging he became disabled on August 31, 2013. (R.[1] 114.) On or about October 7, 2015, Plaintiff's claim was administratively denied and he requested a hearing before an administrative law judge ("ALJ"). (R. 127, 139.)  On October 27, 2017, Plaintiff, represented by counsel, appeared before ALJ Robert Gonzalez ("ALJ Gonzalez") for a hearing and testified. (R. 64.) On January 31, 2018, ALJ Gonzalez issued a decision which determined that Plaintiff was not disabled under the SSA denying his application. (R. 41–58.) Plaintiff sought review by the Appeals Council of the ALJ's decision, which was denied on November 6, 2018. (R. 1–4.) Thereafter, Plaintiff commenced the instant action on January 3, 2019.

## LEGAL STANDARDS

### I.     Standard of Review

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

---

[1] "R." refers to pages of the Administrative Record in this matter, filed by the Commissioner at ECF No. 10.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga Cnty.,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## II. Disability Benefits

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. See 42 U.S.C. §§ 423(a), (d). To be deemed disable with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. *Id*. If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC") and past

relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (see paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

### III. Treating Physician Rule

Generally, the opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir. 1999) (citing *Clark v. Comm'r of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998) (internal citations omitted)); 20 C.F.R. § 404.1527(d)(2)); see *also Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir.1993). When presented with medical evidence in support of a disability, "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y of Health & Human Servs*., 712 F.2d 795, 799 (2d Cir. 1983). However, where the treating physician's opinion is not consistent with other substantial evidence in the record, such as the opinion of other medical experts, the treating physician's opinion should be afforded neither deference nor controlling weight. 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28 (2d Cir. 2004); *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

### IV. Assessing Credibility

An ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of all medical findings and other evidence, regarding the true extent of the pain alleged by the claimant. *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). In accessing a claimant's credibility, an ALJ may consider demeanor, and other indicia of credibility in light of the objective evidence in the record. *Id.* In social security disability cases,

an ALJ may consider claimant's work history in assessing his or her credibility. 20 C.F.R. § 416.929(c)(3); *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). While an ALJ's findings, inclusive of credibility determinations, has some probative force, such findings must be supported by objective evidence in the record. *Peterson v. Gardner*, 391 F.2d 208, 209–10 (2d Cir. 1968).

## DISCUSSION

Plaintiff objects to MJ McCarthy's R&R on three grounds: (1) the Magistrate Judge should have determined that Defendant needed to consider the new evidence Plaintiff submitted to the Appeals Council, (2) the Magistrate Judge should have found that the ALJ improperly applied the treating physician rule; and (3) the Magistrate Judge did not properly review the ALJ's credibility assessment of Plaintiff's pain and limitations. All three of these objections essentially restate the arguments Plaintiff made in his motion for judgment on the pleadings. (*Compare* Mem. of Law in Supp. of Pl.'s Mot. for Judgment on the Pleadings at 9–23, ECF No. 12 (claiming, inter alia, that (1) the ALJ improperly applied that treating physician rule, (2) the Appeals Council failed to consider the new evidence, and (3) the ALJ erred in assessing Plaintiff's subjective complaints), *with* Objs. at 1–10 (same); *see also* R&R at 27, 29–42 (reciting and then addressing the same three claims).) Plaintiff's objections do not raise any new arguments but merely seek to re-assert previously failed arguments. Upon a careful review of MJ McCarthy's comprehensive and well-reasoned R&R, the Court finds no clear error.

Were the Court to conduct *de novo* review of the ALJ's determination, the Court would likewise adopt the analysis and legal conclusions reached by MJ McCarthy. The ALJ's conclusion that Plaintiff was not disabled within the within the meaning of the SSA is supported by substantial evidence in the record. While the ALJ determined Plaintiff suffered from several impairments, such as post-gunshot wound, obesity, lumbar and cervical spine degenerative disc

disease, hip internal derangement and right foot drop, he also found that Plaintiff did not have an impairment or combination of impairments that met the requisite threshold. See 20 C.F.R. Part 404, Subpart p, Appendix 1.

In reaching it's conclusions, the ALJ gave little weight to the opinions of Plaintiff's alleged treating physicians, Dr. Anamika Jain ("Dr. Jain") and Dr. R.C. Krishna ("Dr. Krishna"). Plaintiff only saw Dr. Jain on one occasion, October 3, 2017, and the doctor did not perform an independent medical examination. Dr. Jain's two-page report consisted of Plaintiff's subjective responses to the doctor's questions regarding his medical condition and relied on other physicians' reports and notes. Additionally, Dr. Jain's findings were not consistent with treatment notes in the record. Thus, Dr. Jain's findings were not of a treating physician and as found by the ALJ did not warrant the giving of considerable weight.

Plaintiff presented the medical records of Dr. R.C. Krishna ("Dr. Krishna"), of Total Neuro Care, who examined Plaintiff for a neurological/PMR consultation in August 2015. The initial medical records submitted by Plaintiff at the hearing indicate he visited Dr. Krishna on only two occasions. Upon examination and review of diagnostic test, Dr. Krishna opined Plaintiff suffered from lumbosacral spondylosis with multilevel disc disease, neuroforaminal narrowing most significant at L5-S1 with some facet hypertrophy and impingement on the lateral recesses bilaterally but no central stenosis. Dr. Krishna indicated, based on an electrodiagnostic study, that Plaintiff suffered from right S1 root dysfunction. Dr. Krishna also indicated Plaintiff suffered sporadic episodes of pain in his knee, hip and back, but did not reference consistent, debilitating or severe pain. Though Dr. Krishna determined Plaintiff had notable restrictions on range of motion for his cervical and lumbosacral spine, said findings of restriction were not consistent with other evidence in the record. For example, the ALJ noted that Plaintiff's primary physician records showed Plaintiff only exhibited minimal positive examination and participated

in only limited conservative treatment after the alleged disability onset date. The notes also indicated Plaintiff had mild decrease range of motion and flexion to the lower extremities, and there were also negative findings, indicating no signs of a restriction and/or loss of range of motion. Accordingly, the ALJ's determination to give less weight to Dr. Krishna's opinion as inconsistent with other evidence in the record was proper.

As reflected in the decision, the ALJ gave some weight, but not controlling weight, to the findings of Dr. Shehzad Ali ("Dr. Ali") who performed a consultative orthopedic examination in September 2015. Upon examination, Dr. Ali noted Plaintiff had a normal gait, did not need assistance rising or sitting on a chair, had negative bilateral straight leg raise and presented with full flexion and extension of the cervical spine. While finding limited range of motion in his lumbar and thoracic spine and hips, he determined Plaintiff had moderate restrictions for walking, climbing, standing, sitting and squatting due to back and right hip pain. The ALJ determined that much of Dr. Ali's determinations were consistent with the records of Dr. Elsye Erlich and Dr. Heidi Sanger, Plaintiff's primary care physicians.

Lastly, as MJ McCarthy noted, 20 C.F.R. § 404.935(a), a new regulation which became effective in May 2017, required the Plaintiff to submit all records to the ALJ no later than 5 days before the scheduled hearing, with several exceptions, such as a serious illness, death or serious illness in the immediate family, and the relevant records were destroyed or damaged. It is undisputed that the Plaintiff failed to timely submit the additional records to the ALJ and did not proffer a relevant excuse for the untimely submission. The records were submitted to the Appeals Council following the ALJ's decision denying Plaintiff's application. The records submitted included additional treatment notes from Dr. Krishna from February 2016 through December 2017. As noted by MJ McCarthy, the additional treatment notes contain similar test results, findings and conclusions, and impressions as the prior reports, except that Dr. Krishna

subsequently determined Plaintiff was 100% disabled. As found by the Appeals Council, the new evidence, for the most part, was cumulative, and would not have altered the determination.

**CONCLUSION**

Based on the foregoing, the Court ADOPTS the R&R in its entirety. Accordingly, Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's motion for judgment on the pleadings is GRANTED. The Clerk of the Court is respectfully directed to enter judgment in favor of the Defendant, to terminate the motions at ECF Nos. 11 and 16, and to close this case.

Dated: December 14, 2020                                        SO ORDERED:
      White Plains, New York

                                                  _____
                                                     NELSON S. ROMÁN
                                        United States District Judge Plaintiff's